# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT DAVID DORFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PREFERRED HOMECARE,<br><br>    Defendant. | Case No. 2:23-cv-01745-CDS-NJK<br><br>**Order** |

This case was removed to this Court on diversity grounds. *See* Docket No. 3.

For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Moreover, if any member of Specialized Loan Servicing is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each 'sub-member' as well." *Diamos v. Specialized Loan Servicing, LLC*, 2014 WL 12603136, at *1 (N.D. Cal. Jan. 31, 2014).

To assist federal courts in ensuring that diversity jurisdiction exists, the corporate disclosure statement filed by each party "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).[1] Defendant's certificate of interested parties did not name all of its members (and any sub-members), nor identify their citizenship. Docket No. 1. Further, Defendant's counsel failed to sign the certificate of interested parties. *Id*.

. . . .

. . . .

---

[1] This federal rule became effective on December 1, 2022.

1

Accordingly, Defendant must file an amended certificate of interested parties that fully complies with Fed. R. Civ. P. 7.1(a)(2) and all applicable caselaw by November 22, 2023.

IT IS SO ORDERED.

Dated: November 15, 2023.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE