**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
PAUL A. ACKER, ESQ.
Nevada Bar No. 3670
Email: Paul.Acker@wilsonelser.com
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
Tel: 702.727.1400/Fax: 702.727.1401
Attorney for Preferred Homecare, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Scott David Dorfman, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Preferred Homecare, a Foreign Limited Liability Company, and Does I-X and Roe Corporations I-XX, inclusive<br><br>Defendant. | Case No.: 2:24-cv-01879<br><br>**Stipulated Protective Order** |

IT IS HEREBY STIPULATED AND AGREED, between all, Plaintiff Scott David Dorfman ("Plaintiff"), by and through his counsel, Michael T. Hua, Esq. and Anjan Gewali, Esq. of the Michael T. Hua Law, and Defendant Preferred Homecare ("Defendant"), by and through its counsel of record, Michael P. Lowry, Esq. and Paul A. Acker, Esq. of Wilson Elser Moskowitz Edelman & Dicker LLP, that:

    1.    Certain documents that are to be produced for purposes of this litigation shall be protected from further disclosure pursuant to FRCP 26(c).

    2.    It is the intent of the parties that this stipulation shall be binding and enforceable in any matter regarding the alleged negligence against Preferred Homecare regarding a CPAP device owned by Scott Dorfman from April 2021 through December 2021 including but not limited to Case No. 2:24-cv-01879 which is currently pending in the United States District Court, District of

Nevada.

3. The Items listed below shall be produced by Defendant. and related entities, electronically and shall be used solely for purposes of this litigation, and shall be disclosed only to: the parties, their attorneys, their attorney's regular office staff, their expert witnesses (whether prospective or actual), any Court-appointed arbitrator, or mediator. For any party that is a corporation, the only persons to whom such items shall be disclosed are the corporation's officers, directors, and in house counsel, if any.

4. The parties may agree to broader disclosure of items but only through a writing signed by all attorneys who made or joined in the designation. Those agreements may require as a condition that any additional persons to whom confidential information is disclosed must first sign a document confirming that they have read, understand and will abide by the terms of this stipulation.

5. This Stipulated Protective Order is binding on the parties that have signed it; however, other parties may obtain the documents under the same terms and conditions by signing the stipulation. This stipulation may be executed in counterparts and/or electronically.

6. This Stipulated Protective Order, and the limits it imposes on the disclosure and use of information, shall apply to any parties subsequently added to the litigation, and shall continue to apply even after the litigation is concluded unless the Court orders otherwise or the parties all expressly agree in writing. This order is imposed on the parties, their attorneys, their attorney's regular office staff, their expert witnesses (whether prospective or actual) and their consultants. Any unauthorized use or any documents or information contained in the document that has been designated as confidential shall be punishable by contempt.

7. The production of documents may involve the inadvertent production of information, documents and things, to the extent that such may exist, which one or more of the Parties may deem confidential, proprietary, or commercial information and/or information protected by the attorney-client privilege and attorney work product doctrine, the disclosure of which may have the effect of causing harm to the privacy, commercial, financial and/or legal interests of the individual or entity from which the information was obtained.

8. Upon written notice (or oral notice if notice must be delivered at a deposition) of an

326265444v.1

unintentional production by one Party ("the Producing Party"), any Party receiving the production ("the Receiving Party") must promptly return or destroy the specified document and any hard copies the Receiving Party has and may not use or disclose the information until the privilege claim or other claim of protection has been resolved.

9. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved. If the Receiving Party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The Producing Party shall preserve the specified information until the claim is resolved.

10. The Receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege and the grounds for that objection. The Producing Party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any Party may request expedited treatment of any request for the Court's determination of the claim.

11. Upon a determination by the Court that the specified information is protected by the applicable privilege or protection, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed. Upon a determination by the Court that the specified information is not protected by the applicable privilege or protection, the Producing Party shall render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

12. This order is intended to facilitate discovery while preserving claims of confidentiality, not to waive any claims or rights regarding confidentiality. Accordingly, none of the parties shall be deemed to have waived any claims of confidentiality merely because that party has agreed to this order, entered into a stipulated modification of this order, provided information pursuant to this order, or refrained from challenging another party's designation of information as

326265444v.1

confidential under this order.

13. The following documents are to be produced by Defendant, and/or related entities, or seven (7) days after the date that this Stipulated Protective Order is entered by the Court, whichever is later responsive to Plaintiff's Request for Production No. 3 including Lincare's Protocol Manual 2020 – Section 6 CPAP (DEF001294-001316), Lincare's Facility Policy Manual 2020 – Section 5 – Patient Services (DEF001190-DEF001210), Lincare's Facility Policy Manual 2020 – Section 6 – Patient Record (DEF001211-DEF001244), and Lincare's Facility Policy Manual 2020 – Section 7 – Facility Policies (DEF001245-DEF001289).

| WILSON ELSER<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br><br>*/s/ Paul A. Acker*<br>Michael P. Lowry, Esq.<br>Nevada Bar No. 10666<br>Paul A. Acker, Esq.<br>Nevada Bar No. 3670<br>Attorneys for Preferred Homecare, LLC | MICHAEL T. HUA LAW<br><br><br>*/s/ Anjan Gewali*<br>Michael T. Hua, Esq.<br>Nevada Bar No. 14547<br>Anjan Gewali, Esq.<br>Nevada Bar No. 14054<br>Attorneys for Plaintiff |
|---|---|

**ORDER**

The above Stipulated Protective Order is GRANTED. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

UNITED STATES MAGISTRATE JUDGE
DATED: January 7, 2026

-4-

326265444v.1